UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP GELLERT,

          Plaintiff,

-against-

THE TOWN OF NORTH EAST, THE PLANNING
BOARD OF THE TOWN OF NORTH EAST, AND
HENRY KLIMOWICZ, WILLIAM KISH, DALE
CULVER, LESLIE FARANGI, HENRY SCHROEDER,
DAVID SHAPIRO, individually and as
Members of the Town of North East Planning Board,

          Defendants

'07 CIV 11623

NOTICE OF REMOVAL

____-CV-____

( / )

JUDGE KARAS

**PLEASE TAKE NOTICE**, that the defendants, The Town of North East, the Planning Board of the Town of North East, and Henry Klimowicz, William Kish, Dale Culver, Leslie Farangi, Henry Schroeder, David Shapiro, Individually and as Members of the Town of North East Planning Board,, by and through their attorneys, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., pursuant to 28 USC 1441 and 1446, hereby removes the pending action from the Supreme Court of the State of New York, County of Dutchess to the United States District Court for the Southern District of New York.

    1.    The basis for removal is that the Complaint served upon defendants states that the plaintiff's claim is brought among other reasons for alleged violation of civil rights pursuant to 42 U.S.C. §1983, thereby presenting a federal question and confirming jurisdiction upon the United States District Court for the Southern District of New York. Copies of the Summons and Complaint served by the plaintiff upon the County of Dutchess are attached hereto as Exhibit "A."

2. The defendants are a governmental subdivision. As such, no Rule 7.1 Statement is required.

**WHEREFORE**, Notice is hereby given that defendants remove this action to the United States District Court for the Southern District pursuant to 28 USC 1441 and 1446.

DATED:   December 27, 2007

Respectfully submitted,

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By: _____
WILLIAM J. DECAIRE
Bar Roll No.: WD8346
email: wdecaire@carterconboy.com
Attorneys for Defendants
Office & P.O. Address
20 Corporate Woods Boulevard
Albany, NY 12211-2362
Phone: (518) 465-3484

TO: FRANCIS J. ROCHE, ESQ.
Attorney for Plaintiff
Office & P.O. Address
538 Union Street
P.O. Box 321
Hudson, NY 12534

**EXHIBIT A**

COUNTY OF DUTCHESS    STATE OF NEW YORK

PHILIP GELLERT,



RECEIVED NOV 29 2007

Index No. 2007-8144
Date purchased 11/28/07
Plaintiff designates
Dutchess
County as the place of trial

Plaintiff,

against

THE TOWN OF NORTH EAST, THE PLANNING BOARD OF THE TOWN OF NORTH EAST, AND HENRY KLIMOWICZ, WILLIAM KISH, DALE CULVER, LESLIE FARANGI, HENRY SCHROEDER, DAVID SHAPIRO, individually and as Members of the Town of North East Planning Board,

Defendants.

The basis of the venue is situs of Town of North East

**SUMMONS**

To the above named Defendants:

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: November 28, 2007

Francis J. Roche
Attorney for Plaintiff
Office and PO Address:
538 Union Street
PO Box 321
Hudson, NY 12534
(518) 828-4149

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

PHILIP GELLERT,

           Plaintiff,

-against-

THE TOWN OF NORTH EAST, THE PLANNING
BOARD OF THE TOWN OF NORTH EAST, AND
HENRY KLIMOWICZ, WILLIAM KISH, DALE
CULVER, LESLIE FARANGI, HENRY SCHROEDER,
DAVID SHAPIRO, individually and as
Members of the Town of North East Planning Board,

           Defendants.

Index No.

VERIFIED COMPLAINT

Plaintiff, by his attorney, Francis J. Roche, complaining of the defendants, alleges:

1. Plaintiff is in the business of developing real property and is the owner of certain real property ("the Property") located in the Town of North East ("the Town") (Parcels 7273-00-278865-000 and 7273-00-134974-000) known as Mountain's Edge Subdivision, having purchased some by deed recorded in the Dutchess County Clerk's office in Liber 1719, page 871.

2. The Town of North East is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

3. Heretofore plaintiff applied for subdivision approval of the Property from the Town Planning Board ("the Planning Board").

4. On or about March 30, 2000 the Planning Board granted approval to the Mountain's Edge Subdivision, Phase I. Said approval required that utilities be placed

1

underground. This requirement was confirmed by the Planning Board on or about June 9, 2004.

5. Thereafter plaintiff requested a waiver of the requirement for underground utilities on the ground that soil and rock conditions made the installation of underground utilities cost prohibitive.

6. Plaintiff duly presented proof to the Planning Board that the installation of underground utilities was cost prohibitive, expended tens of thousands of dollars on his subdivision, and put a 32 acre parcel of land in said subdivision under a conservation easement in consideration of the Planning Board's acting favorably on his request for a waiver of the underground utilities requirement.

7. By resolution dated November 14, 2006 the Planning Board denied plaintiff's request for a waiver of the requirement for underground utilities.

8. By decision, order and judgment dated March 30, 2007 this Court annulled the Planning Board's denial of plaintiff's request and remitted the matter to the Planning Board for further proceedings.

9. Plaintiff duly served a notice of claim alleging damages from the Planning Board's conduct.

10. In the course of the litigation which produced the decision, order and judgment referred to in paragraph 8, above, plaintiff learned for the first time the denial of his application was actually made at a September 27, 2006 Planning Board meeting at which he had been excluded by the Planning Board.

2

11. Plaintiff thereafter sought an order to listen to and duplicate the tape recording of said September 27, 2006 hearing, and on July 9, 2007 this Court issued the order sought by the plaintiff.

12. Upon listening to the tape recording of the September 27, 2006 Planning Board meeting the plaintiff learned for the first time that the members of the Planning Board either made statements or concurred with statements, with reference to the plaintiff, that "a gentlemen's agreement only works when both parties are gentlemen," (statement made by defendant Kish), that claimant was "very manipulative," (statement made by defendant Farhangi), that claimant was acting "in bad faith," (statement made by defendant Farhangi), and that claimant was practicing "bait and switching," (statement made by Planning Board member not yet identified).

13. Plaintiff, after obtaining an order dated November 2, 2007 from the Court authorizing him to serve a late notice of claim, duly served a notice of claim alleging damages from the Planning Board's conduct.

14. Defendants now refuse to entertain plaintiff's subdivision at all.

15. Plaintiff has complied with all requirements and conditions on his part to be performed.

## FIRST CAUSE OF ACTION

16. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 of this complaint.

17. This cause of action is brought pursuant to 42 USC 1983 to vindicate plaintiff's rights under the First and Fourteenth Amendment to the United States Constitution.

3

18. Defendants' conduct as set forth above violated plaintiff's First and Fourteenth amendment rights, depriving plaintiff of vested property interests without any legal justification.

19. by reason of the foregoing, plaintiff has suffered damages in the sum of $1,000,000.

## SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 of the complaint.

21. The statements set forth in paragraph 12 of this complaint were false and malicious and were known by the defendants to be false and malicious when made, and were made to impute to the plaintiff general business incompetence and lack of integrity as a businessman, and were made at a public meeting at which the plaintiff was excluded, with reckless and wanton disregard to the statements' injurious effects upon plaintiff.

22. By reason of the foregoing, plaintiff has been injured in his character and reputation, both professionally and otherwise, to his damage in the sum of $1,000,000.

## THIRD CAUSE OF ACTION

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 of the complaint.

24. The aforesaid conduct of and statements by the defendants were for the intentional and malicious purpose of inflicting severe emotional distress on the plaintiff.

25. As a result of defendants' conduct and statements the plaintiff has become tense and nervous and has suffered great mental anguish.

26. By reason of the foregoing, plaintiff has been injured in the sum of $500,000.

## FOURTH CAUSE OF ACTION

27. Plaintiff repeats and realleges all the allegations set forth in the complaint.

28. The aforesaid conduct of and statements by the defendants were part of a conspiracy entered into among the defendants to deprive plaintiff of his money and property and to defame plaintiff in his personal and business reputation.

29. The defendants did the acts and things hereinbefore alleged and all of said acts and things were participated in and done by all of the defendants or by one or more of them according to the plan of said conspiracy and for the purpose of defrauding and defaming the plaintiff as hereinbefore alleged.

30. By reason of the foregoing, plaintiff has suffered damage in the sum of $1,000,000.

WHEREFORE, plaintiff seeks damages of $1,000,000 on each of his first two causes of action, $500,000 on his third cause of action, $1,000,000 on his fourth cause of action, punitive damages of $1,000,000, plus costs, disbursements and legal fees.

FRANCIS J. ROCHE
Attorney for Plaintiff
Office & PO Address
538 Union Street
PO Box 321
Hudson, NY 12534
(518) 828-4149

STATE OF NEW YORK    )
COUNTY OF COLUMBIA  ) SS.:

Philip Gellert, being duly sworn, deposes and says that he is the plaintiff herein, has read the foregoing and knows the contents thereof and that same is true to his own knowledge except as to matters stated on information and belief and as to those matters he believes it to be true.

*[signature]*
PHILIP GELLERT

Sworn to before me this

27 day of November, 2007

*[signature]*

FRANCIS J. ROCHE
Notary Public, State of New York
No. 31-4600785
Qualified in Columbia County
Commission Expires March 30, 20 _11_

6