UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| PHILIP GELLERT, | Case Number 7:07-CV-11623-KMK |
| Plaintiff, | ECF CASE |
| -against- | **AMENDED COMPLAINT** |
| THE TOWN OF NORTH EAST, THE PLANNING BOARD OF THE TOWN OF NORTH EAST, AND HENRY KLIMOWICZ, WILLIAM KISH, DALE CULVER, LESLIE FARANGI, HENRY SCHROEDER, DAVID SHAPIRO, individually and as Members of the Town of North East Planning Board, | **PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES** |
| Defendants. | |

---

Plaintiff, by his attorney, Francis J. Roche, complaining of the defendants, alleges:

## BACKGROUND

1. Plaintiff is in the business of developing real property and is the owner of certain real property ("the Property") located in the Town of North East ("the Town ") (Parcels 7273-00-278865-000 and 7273-00-134974-000) known as Mountain's Edge Subdivision, having purchased some by deed recorded in the Dutchess County Clerk's office in Liber 1719, page 871.

2. The Town of North East is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

3. Heretofore plaintiff applied for subdivision approval of the Property from the Town Planning Board ("the Planning Board").

4. On or about March 30, 2000 the Planning Board granted approval to the Mountain's Edge Subdivision, Phase I. Said approval required that utilities be placed underground. This requirement was confirmed by the Planning Board on or about June 9, 2004.

5. Thereafter plaintiff requested a waiver of the requirement for underground utilities on the ground that soil and rock conditions made the installation of underground utilities cost prohibitive.

6. Plaintiff duly presented proof to the Planning Board that the installation of underground utilities was cost prohibitive, expended tens of thousands of dollars on his subdivision, and put a 32 acre parcel of land in said subdivision under a conservation easement in consideration of the Planning Board's acting favorably on his request for a waiver of the underground utilities requirement.

7. By resolution dated November 14, 2006 the Planning Board denied plaintiff's request for a waiver of the requirement for underground utilities.

8. By decision, order and judgment dated March 30, 2007 Supreme Court, Dutchess County, annulled the Planning Board's denial of plaintiff's request and remitted the matter to the Planning Board for further proceedings.

9. Plaintiff duly served a notice of claim alleging damages from the Planning Board's conduct, and at least thirty days have elapsed since service of said notice without payment or adjustment of said claim, and that adjustment or payment has been neglected or refused.

10. In the course of the litigation which produced the decision, order and judgment referred to in paragraph 8, above, plaintiff learned for the first time the denial of his application was actually made at a September 27, 2006 Planning Board meeting at which he had been excluded by the Planning Board.

11. Plaintiff thereafter sought an order to listen to and duplicate the tape recording of said September 27, 2006 hearing, and on July 9, 2007 Supreme Court, Dutchess County, issued the order sought by the plaintiff.

12. Upon listening to the tape recording of the September 27, 2006 Planning Board meeting the plaintiff learned for the first time that the members of the Planning Board either made statements or concurred with statements, with reference to the plaintiff, that "a gentlemen's agreement only works when both parties are gentlemen," (statement made by defendant Kish), that claimant was "very manipulative," (statement made by defendant Farhangi), that claimant was acting "in bad faith," (statement made by defendant Farhangi), and that claimant was practicing "bait and switching," (statement made by Planning Board member not yet identified).

13. Plaintiff, after obtaining an order dated November 2, 2007 from Supreme Court, Dutchess County, authorizing him to serve a late notice of claim, duly served a notice of claim alleging damages from the Planning Board's conduct.

14. Defendants now refuse to entertain plaintiff's subdivision at all.

15. Plaintiff has complied with all requirements and conditions on his part to be performed.

## JURISDICTION AND VENUE

16. This case was originally commenced in Supreme Court, Dutchess County, and was removed by the defendants pursuant to 28 USC 1441 and 28 USC 1446 on the basis that plaintiff's claim alleged violations of civil rights pursuant to 42 USC 1983.

## FIRST CAUSE OF ACTION

17. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 of this complaint.

18. This cause of action is brought pursuant to 42 USC 1983 to vindicate plaintiff's rights under the First and Fourteenth Amendment to the United States Constitution.

19. Defendants' conduct as set forth above violated plaintiff's First and Fourteenth amendment rights, depriving plaintiff of vested property interests without any legal justification.

20. By reason of the foregoing, plaintiff has suffered damages in the sum of $1,000,000.

## SECOND CAUSE OF ACTION

21. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 of the complaint.

22. The statements set forth in paragraph 12 of this complaint were false and malicious and were known by the defendants to be false and malicious when made, and were made to impute to the plaintiff general business incompetence and lack of integrity as a businessman, and were made at a public meeting at which the plaintiff was excluded, with reckless and wanton disregard to the statements' injurious effects upon plaintiff.

23. By reason of the foregoing, plaintiff has been injured in his character and reputation, both professionally and otherwise, to his damage in the sum of $1,000,000.

### THIRD CAUSE OF ACTION

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 of the complaint.

25. The aforesaid conduct of and statements by the defendants were for the intentional and malicious purpose of inflicting severe emotional distress on the plaintiff.

26. As a result of defendants' conduct and statements the plaintiff has become tense and nervous and has suffered great mental anguish.

27. By reason of the foregoing, plaintiff has been injured in the sum of $500,000.

### FOURTH CAUSE OF ACTION

28. Plaintiff repeats and realleges all the allegations set forth in the complaint.

29. The aforesaid conduct of and statements by the defendants were part of a conspiracy entered into among the defendants to deprive plaintiff of his money and property and to defame plaintiff in his personal and business reputation.

30. The defendants did the acts and things hereinbefore alleged and all of said acts and things were participated in and done by all of the defendants or by one or more of them according to the plan of said conspiracy and for the purpose of defrauding and defaming the plaintiff as hereinbefore alleged.

31. By reason of the foregoing, plaintiff has suffered damage in the sum of $1,000,000.

WHEREFORE, plaintiff seeks damages of $1,000,000 on each of his first two causes of action, $500,000 on his third cause of action, $1,000,000 on his fourth cause of action, punitive damages of $1,000,000, plus costs, disbursements and legal fees.

Dated: January 8, 2007

                                                        s/_____
                                                        FRANCIS J. ROCHE
                                                        Bar Roll No.: FR5337
                                                        Attorney for Plaintiff
                                                        Office & PO Address
                                                        538 Union Street
                                                        PO Box 321
                                                        Hudson, NY  12534
                                                        (518) 828-4149
                                                        e-mail: fjroche@verizon.net