UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILIP GELLERT,

            Plaintiff,

-against-

THE TOWN OF NORTHEAST, THE PLANNING
BOARD OF THE TOWN OF NORTHEAST, and
HENRY KLIMOWICZ, WILLIAM KISH, DALE CULVER,
LESLIE FARANGI, HENRY SCHROEDER, DAVID SHAPIRO,
individually and as Members of the Planning Board of the
Town of Northeast,

            Defendants.

**VERIFIED ANSWER
TO AMENDED COMPLAINT
Case no: 7:07-CV-11623-KMK**

**DEFENDANTS DEMAND A JURY
TRIAL OF ALL ISSUES**

---

As and for an answer to plaintiff's complaint, defendants, THE TOWN OF NORTHEAST, THE PLANNING BOARD OF THE TOWN OF NORTHEAST, and HENRY KLIMOWICZ, WILLIAM KISH, DALE CULVER, LESLIE FARANGI, HENRY SCHROEDER, DAVID SHAPIRO, (hereinafter "answering defendants"), through counsel, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., alleges the following upon information and belief:

1. Answering defendant denies the allegations of paragraphs "1", "9" and "10" of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

2. Answering defendants admit the allegations of paragraphs "2", "3", "4", "5", "7", and "16" of the complaint.

3. Answering defendants deny the allegations of paragraphs "6", "14" and "15" of the complaint.

4. Answering defendants deny the allegations set forth at paragraphs "8", "11", "12", and "13" of the plaintiff's complaint and refer all questions of law to the Court.

5. In response to paragraph "17" of the complaint, answering defendants repeat and reallege as if fully set forth herein paragraphs "1" through "4" of this answer.

6. Answering defendants deny the allegations set forth at paragraph "18" of the plaintiff's complaint and refer all questions of law to the Court.

7. Answering defendants deny the allegations of paragraphs "19" and "20" of the complaint.

8. In response to paragraph "21" of the complaint, answering defendants repeat and reallege as if fully set forth herein paragraphs "1" through "7" of this answer.

9. Answering defendants deny the allegations of paragraph "22" of the complaint.

10. Answering defendants deny the allegations of paragraph "23" of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

11. In response to paragraph "24" of the complaint, answering defendant repeats and realleges as if fully set forth herein paragraphs "1" through "10" of this answer.

12. Answering defendants deny the allegations of paragraphs "25" and "26" of the complaint.

13. Answering defendant denies the allegations of paragraph "27" of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

14. In response to paragraph "28" of the complaint, answering defendants repeat and reallege as if fully set forth herein paragraphs "1" through "13" of this answer.

15. Answering defendants deny the allegations of paragraphs "29" and "30" of the complaint.

16. Answering defendant denies the allegations of paragraph "31" of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth a valid claim for punitive damages.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover the punitive damages demanded in the plaintiff's Complaint as the awarding of same would be in violation of defendant's rights under the Constitution of the United States of America and under the Constitution of the State of New York and more particularly, but not exclusively, in violation of defendant's right to substantive and procedural due process.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff has to plead a cause of action for violation of his constitutional rights (First Cause of Action) against defendants Town of Northeast and the Planing Board of the Town of Northeast.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's First Cause of Action fails to state a claim upon which relief may be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Second Cause of Action fails to state a claim upon which relief may be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Third Cause of Action fails to state a claim upon which relief may be granted.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Fourth Cause of Action fails to state a claim upon which relief may be granted.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The claims and causes of action set forth in the Complaint are barred by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the requirements of the General Municipal Law and this his claims pursuant to State Statutory and Common Law are barred.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any statements which the defendants made with reference to the claims of the plaintiff referred to in the plaintiff's Complaint were true, correct and accurate.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

At those times mentioned and described in the plaintiff's Complaint, the defendants, Henry Klimowicz, William Kish, Dale Culver, Leslie Farangi, Henry Schroeder, David Shapiro, were acting in a quasi-judicial/prosecutorial capacity and are therefore absolutely immune from prosecution of this action.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

That at those times mentioned and described in the plaintiff's Complaint, the defendants, Henry Klimowicz, William Kish, Dale Culver, Leslie Farangi, Henry Schroeder, David Shapiro, were governmental officials performing discretionary functions and their conduct did not violate clearly established statutory or constitutional rights of which a reasonable man would or should have known and that by reason thereof they were qualified immune from liability in this action.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

By reason of the foregoing, the defendants, Henry Klimowicz, William Kish, Dale Culver, Leslie Farangi, Henry Schroeder, David Shapiro, are entitled to qualified immunity from the prosecution of this action.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

The defendants, Town of Northeast and the Planning board of the Town of Northeast, cannot be liable under the doctrine of *respondeat superior*.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to specify actions of each individually named defendant and thus has failed to set forth any claim against each defendant.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE

The Complaint fails to state or allege that there was in existence a custom, policy or practice of the Town of Northeast or the Planning Board of the Town of Northeast which caused the deprivation of any constitutional rights of the plaintiff.

**WHEREFORE,** the defendant demands judgment dismissing the complaint herein with costs.

DATED:   January 17, 2008

CARTER, CONBOY, CASE, BLACKMORE,
MALONEY & LAIRD, P.C.

By: William J. Decaire, Esq.
Bar Roll No.: WD8346
Attorneys for Defendants, the Town of Northeast, the Planning Board of the Town of Northeast, and Henry Klimowicz, William Kish, Dale Culver, Leslie Farangi, Henry Schroeder, David Shapiro
Office and P.O. Address:
20 Corporate Woods Boulevard
Albany, NY  12211
Phone: (518) 465-3484

STATE OF NEW YORK )
COUNTY OF ALBANY ) ss.:

The undersigned, an attorney admitted to practice in the courts of New York State states: deponent is associated with Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., the attorneys for defendants the Town of Northeast, the Planning Board of the Town of Northeast, and Henry Klimowicz, William Kish, Dale Culver, Leslie Farangi, Henry Schroeder, David Shapiro, in the within action; has read the foregoing Answer and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true. This verification is made by deponent and not by said - defendants in that said defendants are not located in the County where your deponent has its office.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows: A review of the file in your deponent's office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

_____
WILLIAM J. DECAIRE